[Cite as *Olin v. Bur. Of Motor Vehicles*, 2011-Ohio-2890.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY OLIN

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

Case No. 2010-09469-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jeffrey Olin, filed this action against defendant, Bureau of Motor Vehicles (BMV), alleging his driver's license was improperly recorded as suspended by BMV, which resulted in his vehicle being impounded after a traffic stop by local police on July 4, 2010. Plaintiff explained BMV originally recorded his driver's license as suspended beginning November 13, 2009. According to submitted records provided by plaintiff, BMV suspended his license due to a failure to show proof of financial responsibility (insurance) when receiving a citation (copy submitted) from local police incident to a traffic accident on September 22, 2009.[1] Plaintiff advised the local law enforcement officer who issued him the ACDA citation "did not mark it for my proof of insurance." On the citation under the caption "FINANCIAL RESPONSIBILITY PROOF

---

[1] Plaintiff submitted a copy of the citation he was issued on September 22, 2009 which indicates he was charged with a violation of the assured clear distance ahead (ACDA) statute (R.C. 4511.21(A)) when involved in a motor vehicle crash. R.C. 4511.21(A) provides:

"(A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."

SHOWN" appears the clearly marked box, "No." In his complaint, plaintiff noted, "[w]hen I paid the fine (for the ACDA violation), I once again provided proof of insurance, which I provided." On October 14, 2009 defendant sent plaintiff a "NOTICE OF SUSPENSION" letter (copies submitted) informing him that his driver's license was being suspended (effective date, November 13, 2009) based on his failure to show proof of insurance incident to the September 22, 2009 ACDA violation. Plaintiff apparently did not respond to the BMV "NOTICE OF SUSPENSION" letter. On July 4, 2010 plaintiff was driving his 2005 Ford Explorer in Akron when he was stopped by local law enforcement and charged with speeding as well as driving under license suspension for failure to provide insurance proof. Plaintiff asserted his license was listed as suspended "because of a clerical error at the BMV." As a result of his driver's license suspension listing, plaintiff's Ford Explorer was towed and impounded. Plaintiff argued defendant improperly recorded his driver's license status and he has consequently suffered damages in the amount of $197.03; claims representing towing and storage costs. The filing fee was paid.

{¶ 2} In his complaint, plaintiff provided documentation showing he maintained insurance coverage for a 1999 Toyota Corolla (effective date September 5, 2009, expiration date March 5, 2010). When plaintiff was cited for ACDA on September 22, 2009 he was driving his 1999 Toyota Corolla; license plate number "EPY5040." The trier of fact finds the September 22, 2009 citation as handwritten by local law enforcement listed the license plate number of plaintiff's Toyota Corolla as "EPY5040." The BMV generated "NOTICE OF SUSPENSION" letter (dated October 14, 2009) issued to plaintiff recorded the license plate number referencing the suspension as "GRY5040." Plaintiff argued that due to BMV recording the license plate number as "GRY5040" on the October 14, 2009 "NOTICE OF SUSPENSION" the proof of insurance he insisted he provided was never applied and his suspension wrongfully remained in effect from November 13, 2009 until July 2010 when the suspension was deleted from BMV records. Plaintiff asserted that but for defendant's error in recording a wrong license plate number, his driver's license would have never been suspended.

{¶ 3} Defendant acknowledged plaintiff's driver's license status was recorded as suspended for failure to show proof of financial responsibility when he was ticketed for ACDA on September 22, 2009 and a subsequent failure to provide such proof to the

Portage Municipal Court. Defendant explained that BMV acted to suspend plaintiff's driver's license upon receiving notification from the Portage Municipal Court that he had failed to provide adequate proof of insurance. Defendant also acknowledged sending plaintiff a notice of suspension letter on October 14, 2009. Defendant noted plaintiff responded to this letter by forwarding a copy of the notice of suspension letter bearing a handwritten notation: "License plate # is incorrect Correct plate # is: EPY5040." Defendant specifically denied plaintiff submitted any proof of insurance in response to the October 14, 2009 notice of suspension for any vehicle including the vehicle bearing license plate number EPY5040. Defendant maintained plaintiff did not offer proof of insurance to BMV until July 6, 2010 after his vehicle had been impounded on July 4, 2010. Defendant related that in response to the information received on July 6, 2010, plaintiff's driver's license was reinstated immediately and the noncompliance suspension was removed from his record. Defendant asserted BMV acted properly in recording plaintiff's driver's license status as suspended until adequate proof of financial responsibility was received. Defendant denied any error was made on the part of BMV in regard to plaintiff's record.

{¶ 4} Considering the information available to defendant, insufficient evidence has been offered to show that BMV acted improperly in listing plaintiff's license as suspended. Resulting monetary damages are recoverable when plaintiff proves, by a preponderance of the evidence, defendant erroneously records driver's license information. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. In the instant action, plaintiff has failed to prove that defendant erroneously recorded his driver's license status. In situations based on financial responsibility noncompliance, BMV may not bear liability for damages proximately caused from suspending a driver's license in reliance upon erroneous information supplied by a municipal court. *Sullivan v. Bureau of Motor Vehicles*, Ct. of Cl. No. 2006-04393-AD, 2007-Ohio-1267. Defendant's records were accurate under the circumstances when plaintiff's cause of action accrued. *Elliott v. Bureau of Motor Vehicles* (2002), 2001-02104-AD, jud. Plaintiff is barred from recovery in situations where BMV performs statutory duties acting in reliance upon records supplied by a court. *Raheem v. Ohio Bur. of Motor Vehicles*, Ct. of Cl. No. 2006-06043-AD, jud,

2007-Ohio-1987.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY OLIN

     Plaintiff

     v.

OHIO BUREAU OF MOTOR VEHICLES

     Defendant

     Case No. 2010-09469-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jeffrey Olin
1444 Morgan Way
Streetsboro, Ohio  44241

John R. Guldin
Department of Public Safety
Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio  43218-2081

RDK/laa
3/7
Filed 3/25/11
Sent to S.C. reporter 6/9/11